**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-35243 |
| Plaintiff-Appellee, | D.C. Nos.  3:13-cv-00138-TMB |
| v. | 3:09-cr-00053-TMB |
| SIDNEY LAMAR GREENE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief Judge, Presiding

Argued and Submitted August 16, 2017
Anchorage, Alaska

Before:  GRABER, CLIFTON, and M. SMITH, Circuit Judges.

Defendant Sidney Greene appeals the district court's denial of his 28 U.S.C.

§ 2255 motion to set aside the sentence entered following his guilty plea.  We

affirm.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Contrary to Greene's assertions, the district court's imposition of a community service requirement did not violate his rights, and the district court did not participate in the plea negotiations. The plea agreement explicitly contemplated the imposition of conditions of supervised release, and community service is a condition of supervised release. U.S.S.G. § 5D1.3(e)(3). Our unpublished decision in *United States v. Randock*, in which we concluded that a community service requirement was outside the bounds of a plea agreement, is inapposite because in that case the plea agreement specified the terms of supervised release but did not mention community service. 330 F. App'x 628, 631 (9th Cir. 2009) (N.R. Smith, J., dissenting in part). By contrast, Greene's plea agreement did not specify what the conditions of supervised release would be. It was therefore within the district court's discretion to select the terms of supervised release.

There was nothing unreasonable or unduly punitive about the requirement that Greene complete 700 hours of community service, which amounts to approximately two hours of community service per week over the course of his seven years of supervised release. For administrative purposes, the sentencing guidelines discourage the imposition of community service requirements exceeding 400 hours. *See* U.S.S.G. § 5F1.3 cmt. n.1. The sentencing guidelines

do not, however, prohibit a court from requiring a defendant to complete more than 400 hours of community service. *United States v. Vega*, 545 F.3d 743, 748 n.4 (9th Cir. 2008).[1]

The district court's decision to notify counsel of how the court intended to exercise its discretion to impose conditions of supervised release did not constitute participation in negotiating the agreement or otherwise violate Federal Rule of Criminal Procedure 11(c). The plea agreement had already been signed, and the community service requirement was within the bounds of the agreement.

Greene's ineffective assistance of counsel claims also fail. Greene's counsel did not render assistance falling "below an objective standard of reasonableness" by declining to object to the district court's decision to impose the community service requirement and to the court's decision to notify counsel of its intention to impose the requirement prior to doing so. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Furthermore, Greene's counsel's decision not to object did not

---

[1] The text of the plea agreement does not support Greene's attempt to argue that the agreement permitted the district court to impose non-punitive conditions of supervised release but not to impose punitive, sentence-like conditions. In any event, the part of the sentencing guidelines that he claims to contain punitive conditions includes conditions that are clearly not punitive and are designed to protect the public. *See, e.g.*, U.S.S.G. § 5F1.5. Additionally, we have previously noted that community service requirements serve non-punitive purposes. *Vega*, 545 F.3d at 748 ("Community service is another opportunity for a defendant to obtain education and vocational training.").

3

prejudice Greene because there is no reasonable probability that "the result of the proceeding would have been different" had his counsel objected. *Id.* at 694. Greene does not contend that he would have sought to withdraw from the plea agreement "and would have insisted on going to trial" on all thirty-eight counts with which he was charged if his counsel had raised an objection. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *cf. United States v. Rodriguez-Vega*, 797 F.3d 781, 790 (9th Cir. 2015). Moreover, it is unlikely that an objection would have persuaded the district court to change its mind regarding the community service requirement.

**AFFIRMED.**